

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

FILED: 4-28-08

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

April 22, 2008

**BY HAND**

Honorable William H. Pauley III
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

The judicial function does not include giving advice. The government is directed to provide copies of this ex parte letter seeking guidance and the attached complaint in Slaey to defendant immediately.
**SO ORDERED:**

Re:  **United States v. Edward Feuer**
     **07 Cr. 795 (WHP)**

WILLIAM H. PAULEY III U.S.D.J.
4/25/08

Dear Judge Pauley:

The Government respectfully submits this letter, <u>ex parte</u>, to ask for the Court's guidance regarding the Government's <u>Giglio</u> obligations.

1.  <u>Background</u>

At the upcoming trial in the above-referenced case, the Government expects that three of its witnesses will include Concepcion Rosado, Ibrahim Arce, and Eric Bishop, each a Special Agent with the General Services Administration.  Agent Rosado is expected to testify that she participated in the arrest of Mr. Feuer, and that she removed his Government computer from his cubicle to the Office of the Inspector General.  Agent Arce is expected to testify that he also participated in the arrest of Mr. Feuer, and that he later logged the hard drive from the defendant's Government computer into evidence.  Agent Bishop is expected to testify that he performed a forensic analysis of the defendant's hard drive, and, in the process of such analysis recovered various images and files containing child pornography.

The Government has learned that on April 14, 2008, a civil complaint was filed in United States District Court for the Eastern District of Virginia naming each of Agents Rosado, Arce, and Bishop, together with seventeen other individuals, as defendants in a <u>Bivens</u> action for damages.  A copy of the complaint, filed as <u>Slaey</u> v. <u>Adams</u>, 08 Civ. 354 (E.D.V.A.), is

The Honorable William H. Pauley III
April 22, 2008
Page 2 of 3

attached as Exhibit A.

      In broad summary, the complaint in Slaey v. Adams charges that an individual named James Adams, another agent from the General Services Administration, led a team of special agents in willfully executing an overbroad search warrant on the plaintiff's business.  More specifically, the plaintiff contends that certain named defendants (not including Agents Rosado, Arce, or Bishop) consciously obtained a search warrant allowing them to search the plaintiff's business for items listed in an attachment to the warrant, notwithstanding the fact that the items described therein went beyond the probable cause described in the underlying affidavit.  Agents Rosado and Arce participated in the resulting search.  The plaintiff contends that the result of the search was that Agent Adams and the other participants seized approximately 98% of all of her company's records related to contracts, officers, and employees dating back to 1986, which effectively put her company out of business.

      In addition, the plaintiff contends that the six agents in charge of the information retrieval and review process – including Agents Rosado, Arce, and Bishop – harmed her business by taking more than one year to return much of the seized material.  Furthermore, she claims that much of the material was destroyed or made unuseable as a result of the methods used during the search and examination.

    2.    The Allegations Contained in Slaey v. Adams Are Not Giglio.

      The Government respectfully submits that the plaintiff's allegations in Slaey v. Adams are not Giglio material with respect to any of Agents Rosado, Arce, or Bishop.

      First, at this point, the allegations in Slaey v. Adams are merely that – allegations.[1]  See United States v. Morrison,

---

[1] Notably, the allegations against Agents Rosado, Arce, and Bishop, who apparently played secondary roles in the disputed search, must be distinguished from the allegations against Agent Adams, which were substantiated by a United States District Judge in suppressing the evidence obtained from the search in the underlying criminal case.  See United States v. Mary Slaey, No. 05-704-2 (E.D. Pa. Apr. 26, 2006) (attached as Plaintiff's Exhibit B to Exhibit A).

The Honorable William H. Pauley III
April 22, 2008
Page 3 of 3

98 F.3d 619, 628 (D.C. Cir. 1996) (concluding that it was not an abuse of discretion to find that "the mere filing of a complaint is not 'probative of truthfulness or untruthfulness,' regardless of whether the allegations in the complaint, if true, would seriously undermine the witness' credibility."). Indeed, the specific allegations concerning Agents Rosado, Arce, and Bishop are of an extremely general and conclusory nature; the plaintiff has not yet specified the manner in which property was allegedly destroyed or rendered unusable.

Second, the allegations in Slaey v. Adams are unrelated to any issues expected to arise in the instant case. Rather, they concern the scope of a search of the plaintiff's personal property; the only search at issue in this case is that of the defendant's computer, which was in fact a Government computer. At no time has the defendant suggested that any evidence was obtained or recovered improperly.

Third, the allegations in Slaey v. Adams do not in any way bear on the credibility of Agents Rosado, Arce, or Bishop. At most, they bear on the credibility of one of their colleagues, Agent Adams, who played no role in the instant case. Accordingly, pursuant to Rule 608(b) of the Federal Rules of Evidence, cross-examination regarding these issues would be inappropriate.

In sum, the Government respectfully submits that it has no obligation to disclose the existence of the complaint in Slaey v. Adams pursuant to its Giglio obligations, but seeks the Court's guidance on this issue.

                                        Respectfully submitted,

                                        MICHAEL J. GARCIA
                                        United States Attorney

                                    By: _____
                                        Mark Lanpher / Daniel Stein
                                        Assistant United States Attorneys
                                        Tel: (212) 637-2399/2407
                                        Fax: (212) 637-2937